JACKSON v. WESTERN EXPANDED METAL & FIREPROOFING CO.

(Circuit Court, N. D. California. December 3, 1901.)

No. 13,053.

PATENTS—INFRINGEMENT—FLOOR CONSTRUCTION.

The Jackson patent, No. 320,066, for an improvement in floor and sidewalk construction, claim 2, describing a combination of metallic beams and cross bars or bearers to support a surface of artificial stone or concrete, construed, and *held* not infringed by the structure described in the Johnson patent, No. 550,177.

At Law. Action for infringement of patent. Instructions to the jury.

J. J. Scrivner and J. L. Hopkins, for plaintiff.
James A. Carr, R. H. Countryman, and W. M. Willett, for defendant.

MORROW, Circuit Judge. It is the duty of the court to construe the patents involved in this suit, and to determine the actual nature of the inventions embraced within their terms.

First, with respect to the patent owned by the plaintiff, Jackson, and upon which this suit is brought. It is known as the "Jackson Patent," is numbered 320,066, and dated June 16, 1895. The second claim of this patent contains this combination in an improvement in

floor and sidewalk construction: "Metallic beams and transverse bearers supporting a surface of artificial stone or concrete, said bearers being tensilely strained to act both as bearers and ties." This construction contains the following essential elements: (1) Metallic beams; (2) transverse bearers. To support a surface of artificial stone or concrete, the first essential element is therefore a beam, and this element of a beam has this relation to the transverse bars or bearers in the combination described in the specifications of the patent. The beams are described as comparatively weak, to resist the lateral strain occasioned by the tension of the transverse bars or bearers. The inventor, therefore, interposes light sectional, metallic, concrete, or brick arches, which resist the tensile strain of the tie rods; meaning, of course, the transverse bars or bearers, D, shown in Figs. 1, 2, 3, and 5. The inventor also specifies that he may employ also light metallic or other sectional arches, extending between the beams to which they are bolted on opposite sides, in which case light bars are extended along the crown of the arch, as shown in Fig. 4.

The second element to support a surface of artificial stone or cement is represented by the transverse bearers. These bearers are called "bars" in the specifications. These bars are preferably of a ⊥ form, and the sidewalk, which is of concrete, is supported upon the flanges so that its lower surface is flush with the bottoms of the bars. In some cases these bars or bearers may be placed farther apart, and short crossbars may be laid between them. In some cases transverse bars may have their ends secured to the outer beams, so as to act as tiebars, as shown in Figs. 2 and 3. In Fig. 2 the ends are bent over in the form of a hook, and wedge-shaped keys may be driven in between the curved portion and the beam, to produce the proper tension, or screws may be employed for the same purpose. In Fig. 3 the ends of the bars are made round, to pass through the web of the beam just beneath its top flange, and the proper tension is produced by a nut, the end of the bar being screw-threaded to receive it. This tension of the transverse bearer is secured by the driving in of wedge-shaped keys between the curved end of the bar or bearer and the beam (Fig. 2), or by the screwing up of a nut upon the screw-threaded end of the bar or bearer, the rounded end of which bar or bearer has passed through the web of the beam (Fig. 3). This tension in Fig. 2 has the effect of producing a horizontal bar or bearer, or a bar or bearer so nearly horizontal that the sag or downward curve between the beams is a negligible quantity in the bar or bearer. The tension in Fig. 3 secures the same horizontal effect as in Fig. 2. That a practically horizontal bar or bearer is provided for in this patent is shown, not only by the tension secured by driving in wedge-shaped keys or the screwing up of the nuts on the ends of the bars, but by the specification that the bar is preferably of a ⊥ form, and by the bars, D, shown in horizontal position in Figs. 1, 2, 3, and 5.

In the opinion of the court, the natural curve or sag of a strap or bar crossing beams and acting as a bearer between beams is not an essential structural arrangement in this patent—First, because such a curve or sag is not mentioned in either claim or specification;

second, because it is not shown in the figures of the bearers or bars; third, it is not inferable from the specifications or claim; and, fourth, its elimination as far as possible is provided for by the tension secured by either wedge-shaped keys or screws at the end of the bar or bearer.

The defendant's patent is known as the "Johnson Patent." It is numbered 550,177, and dated November 19, 1895. The alleged infringing device in this patent is designated as suspension straps or saddles, and the inventor describes this feature of his patent as follows:

> "The main support of my floor consists of parallel I beams supported by the frame of the building. Over the tops of adjacent beams are fastened the ends of strong suspension straps or saddles, preferably of wrought iron or steel, and thin enough to be quite flexible. The ends of these straps extend beyond the farther edge of the beams, and are bent to conform to the shape of the beam, so as to lie close against the same, while the middle portion of the strap or saddle bends or curves down. The curve, which a flexible flat wrought-iron or steel strap naturally assumes when its ends are supported at fixed points nearer together than the length of the strap, is the line of stable equilibrium of such strap for supporting a vertical load distributed like a concrete floor; that is, the application of the concrete floor on such a strap does not tend to change the form of its curve, but produces a tensile stress only therein. Upon each of these straps or saddles, as a bottom, plastic concrete is filled in up to the horizontal level desired, so as to constitute a stiffening or strengthening rib."

The claim the inventor makes is as follows:

> "A floor consisting of beams, suspension straps fastened at the tops thereof, and curved down in the intermediate portion in the line of stable equilibrium."

It is clear that the Johnson suspension straps are to be distinguished in structure and function from the Jackson transverse bearer. The latter does not recognize the structural law of curvature which suspends a metal strap between beams in the line of stable equilibrium, while the former does, and makes that law an element of his structural invention, and an important one in the office of a light, flexible, but efficient carrier or bearer, supporting a floor of artificial stone or concrete. In the Johnson patent the suspender or strap is to be thin enough to be quite flexible, while in the Jackson transverse bearer this quality is not claimed. This is a characteristic difference, as shown in the specification, where a $\bot$ form bar is claimed as preferable. There is manifestly less flexibility in a bar of this form than in a strap.

There is still another feature of the transverse bearer in the Jackson patent that must not be overlooked, and that is the device for resisting the lateral strain occasioned by the tension of the bars. This is secured by the interposition of light sectional metallic, concrete, or brick arches, which resist the tensile strain of the rods; or there may be employed light metallic or other sectional arches extending between the beams, in which case light bars are extended along the crown of the arches. In the Johnson patent the resistance to the lateral strain or compression is accomplished by filling in the curvature or sag of the strap or suspender with concrete up to the level of the top of the I beams. This method is simple and

effective, and constitutes a substantial difference in structural arrangement and function from that of the plaintiff's patent.

It follows that the concrete or artificial stone resting upon the curved strap in the Johnson patent does not perform the function of the concrete or artificial stone upon the transverse bearer of the Jackson patent. This appears plain when it is considered that in the Jackson patent the concrete or artificial stone placed upon the transverse bearer does not perform the function of keeping the I beams apart. This is shown in Fig. 3, where the concrete upon the transverse bearer, near to but below the top of the flanges of the side beams, and extending towards the inside beams, but not to the flanges of the inside beams, has no such action as to have the effect of keeping the I beams apart. The force that keeps the I beams apart in the Jackson patent, as we have seen, is not the concrete or artificial stone upon the transverse bearer, but the "alternate light sectional metallic, concrete, or brick arches."

Upon that construction of these patents, the court will instruct the jury that the evidence is not sufficient to establish infringement.